## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

               **Plaintiff,**

v.

                                    Case No. 22-20057-02-DDC

DELDRICK L. BRYANT (02),

               **Defendant.**

_____

### MEMORANDUM AND ORDER

Mr. Bryant's case comes back to the court several weeks after the court sentenced him and entered a corresponding judgment. The issue now is restitution. The court's sentence ordered Mr. Bryant to pay $79,345.18 in restitution. Doc. 142 at 1. This amount corresponds to the amount recommended—without objection by either party—by the Presentence Investigation Report. But it contradicts the parties' Plea Agreement. There, Mr. Bryant explicitly agreed to make restitution in the amount of $129,113.80. Doc. 121 at 10–11. Why the disparity?

The government's motion answers this question, asserting that the PSR's author "accidently copied" the "restitution figures" for one of Mr. Bryant's co-defendants into Mr. Bryant's PSR. No one caught the error and so, the court used the mistaken amount when it imposed sentence. But not to worry, the government asserts, because Fed. R. Crim. P. 35(a) confers authority to fix the problem.

Specifically, Rule 35(a) permits a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error." *Id.* While Rule 35 confers authority to correct a sentence, the Rule confines this power to a "very narrow" band of circumstances extending "only to those cases in which an obvious mistake has occurred in the sentence, that is, errors which

would almost certainly result in a remand of the case to the trial court." 3 Charles Alan Wright & Sarah N. Welling, *Federal Practice and Procedure*, § 614 (5th ed. 2024) (quoting Advisory Committee Note to Rule 35(a), as adopted in 1991). Whether the error here fits inside this "very narrow" set of situations contemplated by the rule is a question the court need not answer. Indeed, the court concludes, it must not answer that question.

That's so because of the timing limitation adopted in Rule 35(a). It provides that the court may correct an error "[w]ithin 14 days after sentencing." *Id.* Our Circuit has held that this 14-day deadline limits the time for the sentencing court to act. In other words, it's not enough for a party to move for Rule 35(a) relief within 14 days. *See, e.g.*, *United States v. McGaughy*, 670 F.3d 1149 (10th Cir. 2012) (vacating relief granted under Rule 35(a) because sentencing court didn't act within 14 days even though defendant filed his motion within 14 days of sentencing).

The Rule's 14-day deadline matters here. The United States filed its Rule 35(a) motion on July 25, 2024—nine days after the court had sentenced defendant. *See* Doc. 149 (government's motion) & Doc. 142 (Clerk's Courtroom Minute Sheet, showing court-imposed sentence on July 16, 2024).[1] The government's motion quoted the Rule, but it didn't alert the court that it must act—assuming it planned to grant relief—within 14 days of sentencing. And the court didn't identify that it had just five days to act on its own initiative. So, it didn't act on the government's motion before this Order—issued well after the 14 days had passed. Thus, it would seem, any action taken now to correct the restitution component of the sentence would violate Rule 35(a).

---

[1] The court entered the Judgment memorializing the sentence on July 17. But as Rule 35(c) makes plain, the term "sentencing" refers to the court's oral announcement of the sentence. *See also United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994). Here, the court announced the sentence on July 16, 2024.

Defendant's response to the government's motion complicates matters.  Though defendant opposes the government's motion, he hasn't raised the timeliness issue.  *See* Doc. 151 (Defendant's Objection to the Government's Motion to Correct the Sentence).  Instead, Mr. Bryant confines his opposition to two arguments:  (1) the error here isn't the kind of error that Rule 35(a) reaches; and (2) defendant can oppose the government's motion without breaching his Plea Agreement.  *Id.* at 3–4.  Mr. Bryant's silence on the timeliness issue requires the court to answer another question:  Is the 14-day limit in Rule 35(a) merely a claims processing rule that an opposing party can forfeit?  Or is it, instead, a jurisdictional limitation?  Binding Tenth Circuit authority answers this question as well.

Rule 35(a)'s time limit is jurisdictional.  *McGaughy*, 670 F.3d at 1158 ("We join the other circuits in holding that Rule 35(a)'s 14-day time limit is jurisdictional.").  This holding conforms to Tenth Circuit decisions dating back to the mid-1990's—when Rule 35 imposed a seven-day limit and housed that limit in subsection (c) of Rule 35.  *Id.* at 1155 (citing *United States v. Green*, 405 F.3d 1180, 1186 (10th Cir. 2005)).  *See also id.* at n.4 (explaining that pre-2009 versions of Rule 35 imposed a seven-day limit).  And though three intervening Supreme Court cases required the Circuit to revisit its jurisdictional conclusion about Rule 35(a), *McGaughy* concluded that none of the three Supreme Court decisions warranted a different result.  670 F.3d at 1155–58.  So, the 14-day time limit in Rule 35(a) remains a jurisdictional requirement and the court thus must raise the issue on its own.[2]

---

[2]     *McGaughy*'s re-examination considered whether the jurisdictional holding was changed by *Eberhart v. United States*, 546 U.S. 12 (2005), *Bowles v. Russell*, 551 U.S. 205 (2007), and *Gonzalez v. Thayer*, 565 U.S. 134 (2012).  These three cases involved provisions in other rules, but the Circuit concluded nonetheless that it should take a new look at the earlier conclusion about Rule 35(a)'s jurisdictional essence.  After carefully applying the new analysis, the Circuit reached the same conclusion:  Rule 35(a)'s time limit is jurisdictional.  *McGaughy*, 670 F.3d at 1158 ("recent jurisprudential developments do not justify overturning" the Circuit's holdings that Rule 35(a) imposes a jurisdictional requirement).

The court's analysis concludes with a final wrinkle.  This complication stems—at least in part—from *United States v. Dolan*, 571 F.3d 1022 (10th Cir. 2009).  There, at sentencing, the district court concluded that restitution in that case was mandatory under the Mandatory Victims Restitution Act.  *See* 18 U.S.C. § 3663A.  But the sentencing court also concluded that it lacked sufficient information to decide the amount of the victim's loss.  So, the court left "that matter open, pending receipt of additional information."  *Id.* at 1024–25 (discussing 18 U.S.C. § 3664(d)(5) and its grant of authority to leave restitution open for a period "not to exceed 90 days after sentencing").  Then, the court failed to decide the amount of loss within the statutorily allotted 90 days.  Defendant challenged the district court's post-sentencing restitution finding, arguing it was untimely.  He claimed the court lacked subject matter jurisdiction to alter the restitution obligation after 90 days.  Both the sentencing court and, on appeal, the Tenth Circuit rejected defendant's argument that § 3664(d)(5)'s 90-day limit was jurisdictional.

The court doesn't read *Dolan* to affect any of the court's conclusions here.  For one thing, the court didn't leave open the amount of the victims' losses at Mr. Bryant's sentencing hearing.  Instead, the court decided the amount of restitution defendant owed but, unknowingly, based that amount on inaccurate information.  Also, *Dolan* involved a statutory provision distinct from Rule 35(a).  Indeed, *Dolan* never mentions the jurisdictional conclusion drawn about Rule 35(a) in *McGaughy*'s predecessors—or even Rule 35(a) itself.  And *McGaughy*, in turn, never mentions *Dolan*.  In sum, nothing in *Dolan* or our Circuit's Rule 35(a) cases suggest that *Dolan* applies here.[3]

---

[3]    At sentencing, the court discussed the possibility of returning to one aspect of restitution within the 90 days referenced in § 3664(d)(5).  But that open issue merely involved the joint and several aspect of Mr. Bryant's restitution obligation.  *See* Doc. 155 at 26–27 (Sentencing Hr'g Tr. 26:7–27:25).  No one suggested that the court leave open the amount of restitution awarded.

### Conclusion

The court concludes that it lacks subject matter jurisdiction to decide the government's Rule 35(a) motion.  The court thus dismisses Doc. 149, the government's "Motion to Correct Sentence Pursuant to Federal Rule of Criminal Procedure Rule 35(a)."

**IT IS SO ORDERED.**

**Dated this 3rd day of September, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**