IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 22-20057-02-DDC |
| v. | |
| DELDRICK L. BRYANT (02), | |
| Defendant. | |

### MEMORANDUM AND ORDER

Defendant Deldrick L. Bryant has filed a motion under 28 U.S.C. § 2255, asking the court to correct an error in his Presentence Investigation Report (PSR) that affected his sentence. Doc. 171 at 2.[1] The PSR applied a two-level enhancement for possessing stolen firearms, utilizing U.S.S.G. § 2K2.1(b)(4)(A). Doc. 141 at 15 (PSR ¶ 55). But the governing application note indicates that the enhancement shouldn't apply in this case. It provides, as relevant here: "If the only offense to which §2K2.1 applies is 18 U.S.C. § 922[(j)] . . . and the base offense level is determined under subsection (a)(7), do not apply the enhancement in subsection (b)(4)(A)." U.S.S.G. § 2K2.1 cmt. n.8. The application note explains that the enhancement for use of a stolen firearm doesn't apply in such a scenario "because the base offense level takes into account that the firearm or ammunition was stolen." *Id.*

---

[1] The court notes that this filing—Doc. 171—is an "Amended Motion to Correct the Sentence Pursuant to 28 U.S.C.A. § 2255(a)." This motion amends a previously filed a motion, Doc. 166. The amended motion supersedes the original motion, so the court denies Doc. 166 as moot. The court thus considers Doc. 171 as the operative § 2255 motion.

Here, Mr. Bryant pleaded guilty to possessing a stolen firearm, violating 18 U.S.C. § 922(j). Doc. 143 at 1. And the PSR determined his base offense level under U.S.S.G. § 2K2.1(a)(7). Doc. 141 at 15 (PSR ¶ 53). So, Mr. Bryant's base offense level accounts for the stolen firearm, and the court should not have applied the two-level enhancement for possessing stolen firearms when it made its Guidelines finding. With this error, the PSR calculated a total offense level of 21 and a criminal category of III. Doc. 141 at 22 (PSR ¶ 102). These numbers led to a Guideline range of 46 to 57 months, *id.*, and the court sentenced him to 46 months, Doc. 143 at 2 (Judgment). Had the PSR not contained this error, the PSR would have calculated a Guideline range of 37 to 46 months. U.S.S.G. ch. 5 pt. A (sentencing table).

The government agrees with all these conclusions. Doc. 172 at 1–2. Indeed, the government, to its credit, found the error and brought it to defense counsel's attention. Doc. 171 at 2. And the government agrees that a § 2255 motion provides the proper procedural path to correct this mistake.[2] Doc. 172 at 4. But there's a problem with Mr. Bryant's § 2255 motion in its current form: it merely asks the court to correct a Guidelines error. And, as best the court can tell, § 2255 doesn't let the court use that basis to grant relief.

Section 2255 prescribes the following limited grounds for a motion attacking a sentence: "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The Guidelines are not constitutional in nature, nor do they carry the force of law.

---

[2] Mr. Bryant didn't bring his motion within the governing statute of limitations: one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). But the government may waive the statute of limitations. *See Day v. McDonough*, 547 U.S. 198, 205 (2006) ("A statute of limitations defense . . . is not jurisdictional." (quotation cleaned up)). And the government has done so here. Doc. 172 at 3.

And so a "defendant cannot raise in a § 2255 motion a misapplication of the Sentencing Guidelines, if his sentence is within the limits allowed by the statute."[3]  3 *Wright & Miller's Federal Practice and Procedure Criminal* § 628 (5th ed. 2025); *see also Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) ("[T]he § 2255 motion was a collateral attack on the sentencing court's interpretation and application of the Guidelines, an attack this court, and most of our sister circuits, have never found 'cognizable[.]'"); *Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014) (en banc) ("[A]ny miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory.").

Enter ineffective assistance of counsel—a textbook basis for a § 2255 motion.  The government believes that an ineffective-assistance-of-counsel § 2255 provides "the only path for Bryant to obtain relief under § 2255[.]"[4]  Doc. 172 at 4.  But there's an obstacle in that path:  Mr. Bryant's trial counsel currently represents him.  The court thus became concerned that an inherent conflict of interest exists where trial counsel must prove his own ineffectiveness.  *United States v. Del Muro*, 87 F.3d 1078, 1080 (9th Cir. 1996) (agreeing that "forcing trial counsel to prove his own ineffectiveness" "created an inherent conflict of interest").  In light of

---

[3]     The statutory maximum sentence for violating 18 U.S.C. § 922(j) is ten years.  18 U.S.C. § 924(a)(2).

[4]     Defense counsel seems to suggest that an alternative avenue exists.  Doc. 174 at 6 (declining to make "arguments that other avenues of relief should be explored" out of concern for delaying Mr. Bryant's sentencing modification).  If there's an alternative avenue, defense counsel should've proposed it.  After all, defense counsel filed the § 2255 motion.

To the extent defense counsel believes that the court can resolve this issue in a § 2255 motion without an ineffective-assistance-of-counsel claim, the court disagrees.  Defense counsel suggests that the court needn't find ineffective assistance of counsel to reach the requested relief because no appealable issues exist.  *Id.* at 3, 3 n.1.  But if the court grants the § 2255 motion, then it must resentence Mr. Bryant.  Mr. Bryant could appeal his new sentence, of course.  And there's no guarantee that the appellate court would feel constrained by the parties' presentation of the issues.

this concern, the court directed defense counsel to evaluate and brief whether he could represent Mr. Bryant in his post-conviction motion. Doc. 173.

Defense counsel's filing confirms that an "attorney is in direct conflict with his client if he must show his own incompetence to get his client the relief his client desires." Doc. 174 at 3. And, recognizing the conflict, defense counsel opines that "this one mistake did not drop the representation below the *Strickland* standard[.]" *Id.* at 6.

The court acknowledges the unusual and unfortunate circumstances this case presents, and it appreciates defense counsel's candor. It thus construes defense counsel's filing as a motion to withdraw, and it grants that motion. The court appoints the Federal Public Defender for the District of Kansas to represent Mr. Bryant in these post-conviction proceedings.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court construes defense counsel's "Memorandum Regarding Conflict of Interest" (Doc. 174) as a motion to withdraw and grants the motion.

**IT IS FURTHER ORDERED THAT** Doc. 166 is denied as moot because of the filing of an amended motion.

**IT IS FURTHER ORDERED THAT** the Federal Public Defender is appointed to represent Mr. Bryant.

**IT IS FURTHER ORDERED THAT** this case shall proceed as a § 2255, with Doc. 171 serving as the § 2255 motion, and the Clerk of the Court should open a separate civil action.

**IT IS SO ORDERED.**

**Dated this 10th day of November, 2025, at Kansas City, Kansas.**

>                               s/ Daniel D. Crabtree
>                               Daniel D. Crabtree
>                               United States District Judge