IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  DELDRICK L. BRYANT (02),  Defendant. | Case No. 22-20057-02-DDC |

**<u>MEMORANDUM AND ORDER</u>**

Defendant Deldrick L. Bryant has filed a motion under 28 U.S.C. § 2255. Doc. 171 at 2. The parties have agreed that Mr. Bryant's motion should proceed as an ineffective-assistance-of-counsel § 2255. "To establish an ineffective-assistance-of-counsel claim, one must show both deficient performance and resultant prejudice to the defendant." *United States v. Babcock*, 40 F.4th 1172, 1176 (10th Cir. 2022) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The court considers each prong, in turn, below.

To prevail on *Strickland*'s first prong—constitutionally deficient performance—defendant "must show 'that counsel's representation fell below an objective standard of reasonableness[.]'" *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland*, 466 U.S. at 688). The court recognizes that, usually, review of this prong is highly deferential. *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011). But, in this case, the government has conceded that Mr. Bryant's counsel rendered inadequate assistance. Doc. 172 at 3. Such a concession isn't unheard of. *See United States v. McGaughy*, 670 F.3d 1149, 1153

(10th Cir. 2012). And so, the court adopts the parties' position and finds that defense counsel's failure to object to an inapplicable enhancement[1] amounted to deficient performance.

"As for *Strickland's* prejudice prong, [Mr. Bryant] must establish that but for counsel's errors, there is a reasonable probability 'the result of the proceeding would have been different.'" *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010) (quoting *Strickland*, 466 U.S. at 694). The government doesn't dispute this prong either. Doc. 172 at 4. Nor could it. The erroneous enhancement added two levels to Mr. Bryant's offense level. Mr. Bryant's Guideline range was 46 to 57 months, when it should have been 37 to 46 months. U.S.S.G. ch. 5 pt. A (sentencing table). The court sentenced Mr. Bryant to 46 months—the lowest available under the Guidelines. Doc. 143 at 2 (Judgment). Had the PSR calculated Mr. Bryant's Guideline range properly, the court likely would've sentenced him to 37 months. That is why a reasonable probability exists that, had counsel not missed the improper enhancement, Mr. Bryant would have received a lower sentence.

The court thus grants Mr. Bryant's § 2255 amended motion (Doc. 171).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Bryant's Amended Motion to Vacate Sentence under § 2255 (Doc. 171) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Bryant's previous sentence is vacated. The court will impose a new sentence and subsequently enter a judgment.

**IT IS SO ORDERED.**

**Dated this 14th day of November, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree<br>
**Daniel D. Crabtree**<br>
**United States District Judge**

---

[1] The court assumes the reader's familiarity with its prior Order in this case, Doc. 175, which explains the error in more detail.